### R. M. BUIE ET AL. *v.* MARY BUIE.

1. WITNESS.  *Competency.  Estate of decedent.*
    In a suit between a widow and a legatee under the will of her husband, where the ownership of a note executed to the latter in his lifetime is the matter in controversy, the widow is not competent as a witness to prove her right to the note under a gift from her husband.

2. LIMITATION OF ACTIONS.  *Possession of note.  Collection.  Trust.*
    Where, in such case, the widow has procured from the debtor, in lieu of the note payable to her husband, a new note, payable to herself, mere adverse possession of such note, however long continued or notorious, is not equivalent to possession of the sum remaining due thereon, and will not confer upon her a right to such sum, or bar the legatees from claiming the same as against her; but, as to money actually collected by her on the note, the statute runs from the time of its collection, and she may invoke the bar of six years, no facts being shown to make her a trustee *ex maleficio.*

FROM the chancery court of Copiah county.

HON. WARREN COWAN, Chancellor.

This suit originated in a bill of interpleader filed by one Calvin Blue against Mary Buie, the appellee, and Robert M. Buie and others, the appellants.  The bill alleged that in 1873 Gilbert M. Buie died intestate, leaving the appellee, his widow, and the appellants, his children and grandchildren; that prior to the death of Buie, complainant, and one McLain, his partner, borrowed about $1800 from him, and executed a note therefor in their firm name of C. Blue & Co., payable to said Buie or order; that different payments were made on the note during the lifetime of Gilbert M. Buie, but there remained due thereon at his death $1963.40; that both the appellants and the appellee were claiming the amount due upon the note, and, being unable to determine to whom it should be paid, he asked leave to pay the fund into court, and claimants were cited to appear and propound their claims.  The bill sets out at length the facts relied on by the said contestants, respectively, to establish their claim to the fund as hereinafter stated.  The fund was paid into court, and the complainant discharged.

Robert M. Buie, together with the other appellants, filed an

answer, and also a cross-bill against Mary Buie, in which they recite that appellee is the widow of Gilbert M. Buie, who died as aforesaid, and that they are his children and grandchildren by a former marriage; that the said Gilbert M. Buie made a will giving certain specified bequests to his said wife, and bequeathing the residue of his property to his children through whom appellants claim. The cross-bill also recites the execution of the note by C. Blue & Co. to Gilbert M. Buie, and alleges that it was part of his estate at the time of his death, and passed to appellants under the residuary clause of the will; but that after the death of said Gilbert M. Buie the note came into the hands of appellee, who wrongfully and fraudulently appropriated it, and induced the firm of C. Blue & Co. to execute, in lieu thereof, a new note payable to herself, which renewal note has since been held by appellee, claiming it as her own; that after she had collected the sum of $2587.93 on the note at various times, there still remained due in August, 1879, the sum of $1420, for which Calvin Blue, surviving partner of the firm of C. Blue & Co., executed still another note payable to the appellee; that Mary Buie, the appellee, recovered judgment on this note against Calvin Blue in 1889 for the principal and interest due thereon. Appellants further charge that, although the note was originally payable to Gilbert M. Buie, and was part of his estate at his death, the appellee concealed its existence from the executors of the will and complainants.

The prayer of the cross-bill was for a decree directing the fund in court to be paid to the complainants therein, and for a decree against Mary Buie for the sums collected by her on the several notes, which it is claimed she received as trustee in her own wrong for these complainants.

Mary Buie, the appellee, filed a demurrer to the cross-bill upon the ground that there was no equity on the face of the bill, and that complainants therein had an adequate remedy at law. The demurrer was overruled, and Mary Buie filed her answer, in which she admitted the execution of the will, as alleged, and the delivery by C. Blue & Co. of the note to her husband, and she averred that her husband, a few days before his death, assigned and delivered

the note to her for a valuable consideration. She denied any concealment or fraud in the premises, and averred that she informed the persons named as executors in the will, and the heirs of Gilbert M. Buie, of her ownership of the note soon after the death of her husband. She further pleaded the six years statute of limitations in bar of the rights of complainants in the cross-bill.

The will of Gilbert M. Buie was proved and recorded in the chancery court of Jefferson county, but the persons named therein as executors did not qualify, and no letters testamentary were ever issued; but the legatees and devisees agreed upon a distribution in accordance with the will. The proof showed that Calvin Blue was perfectly solvent at the time of Gilbert M. Buie's death, and continued so, although the last payment made by him to appellee upon the note was in 1879.

There was some evidence tending to prove that Gilbert M. Buie was indebted at the time of his death to the appellee for money borrowed from her, but no writing was produced as evidence of this, nor was there any written evidence of the gift to her by deceased of the note due by C. Blue & Co., and no witness testified of such assignment or gift, except the appellee herself. Upon motion of appellants in the cross-bill to suppress her testimony, the court suppressed it so far as it related to what transpired prior to the death of her husband.

On final hearing the cross-bill was dismissed, and the fund in court awarded to the appellee, and the costs were taxed against the complainants in the cross-bill. From this decree said complainants have appealed.

*A. C. McNair,* for appellants.

1. Mary Buie was incompetent as a witness to establish her own claim against her dead husband's estate. As the estate was never administered, she is disqualified by the statute from testifying at all. If the estate had been administered, she might have testified to anything occurring during the administration, but as it was, she was disqualified. Apart from her testimony, there is no evidence to sustain her claim of ownership to the note. On the other hand,

the absence of any written assignment or endorsement of the note, or of any evidence of statements, or admissions by Gilbert Buie, and all the facts are strongly persuasive that the note was not given to the appellee.

2. The decision of the chancellor was that the facts did not establish fraud in appellee, and that appellants had a remedy at law, and were barred by the statute of limitations.

There being no administration by the courts of the estate, the legal title to the note was in abeyance. *Ricks* v. *Hilliard,* 45 Miss. 359. The heirs of Buie are not barred. Code 1871, § 2162; Code 1880, § 2683; *Hambrick* v. *Jones,* 64 Miss. 240; *Perkins* v. *Sturdivant* (MS. rep.). Suit did not lie at common law for a general legacy, and the statute authorizing suits at law for legacies applies to specific legacies. Code 1871, § 1177; Code 1880, § 2085; *Worten* v. *Howard,* 2 S. & M. 527.

3. If the statute of limitations is applicable, it could run only from the time Mrs. Buie collected the money, as that is the substantial thing in controversy. The note is mere evidence thereof. It has no application to the funds in the hands of the clerk of the court. *Livermore* v. *Johnson,* 27 Miss. 284. Besides, appellee by her conduct became executrix *de son tort,* and cannot plead the statute as a defense. She is a trustee for appellants, and occupies, as to the note, the same relation that a regularly appointed executor would. Code 1871, § 1185; 39 Am. Dec. 497; *Pulliam* v. *Pulliam,* Freeman Chy. Rep. 348; Perry on Trusts, §§ 166 to 183.

*J. S. Sexton,* for appellee.

The only error committed by the court was against the appellee, in overruling her demurrer to the cross-bill. The allegations of that bill, stripped of all circumlocution, are that appellee stole the note in controversy after the death of her husband. If this be true, it does not follow that the chancery court has jurisdiction. That court does not assume jurisdiction of every case in which fraudulent conduct is incidentally alleged and involved. The jurisdiction, even in case of fraud, to grant pecuniary recoveries, does not exist if the legal remedy is complete. 2 Pomeroy Eq. Jur., 914; *Girard Insurance Co.* v. *Guerard,* 3 Woods (C. C.), 427.

There was no element of trust in the relation of Mary Buie to the estate or the heirs. She was not an executrix, nor guardian of the heirs. The law never implies, the court never presumes, a trust but in case of absolute necessity. *Cook* v. *Fountain*, 3 Swanston, 585; Hill on Trustees, 212 (n.).

The proof failed to show any concealment by appellee of the note, or her dealings with it and claim to it. Concealment by mere silence is not enough; there must be some positive act of fraudulent representation or concealment towards the party injured. *Buckner & Stanton* v. *Calcote*, 28 Miss. 434; *Wood* v. *Carpenter*, 101 U. S. 135.

(In addition to the foregoing points, counsel argued at length the evidence and presumptions in support of appellee's claim to the note in controversy, but it is not deemed necessary to state the discussion in this respect, in view of the position taken by the court in its opinion.)

COOPER, J., delivered the opinion of the court.

The claim of Mrs. Mary Buie, the widow of Gilbert Buie, to the note of Blue & Co., is wholly unsupported by any competent evidence. Blue & Co. were indebted to Gilbert Buie for borrowed money, and he held their note, payable to himself or order. The note was never indorsed by him, and there is no competent evidence from which it can be inferred that he made any disposition of it before his death. After his death Mary Buie, his widow, delivered his papers to those who were by his will nominated executors, and, she says, she informed them of the existence of the note of Blue & Co., and made claim to it by virtue of its delivery to her by her husband a short time before his death in payment of a debt he owed her. It may be that the claim of the widow is a just one, but unfortunately for her, she is without evidence to support it. Her testimony is excluded by express provision of law, because it is to establish her right against the estate of a decedent. No other witness can testify to the fact of the delivery of the note, though one or more testify to having heard Gilbert Buie say he owed his wife for confederate money of hers he had used. It is shown that the transac-

tion from which this supposed debt sprung arose about the time of, if not after, the surrender of the confederate armies and the declaration of peace.  But, whether the claim in favor of the wife was or was not a valid one is immaterial, since admitting its validity she shows no right to the note of Blue & Co.

On the facts disclosed, the residuary legatees are entitled to the fund paid into court by Blue, unless the widow has secured a right to it by lapse of time.

As to this fund, we do not see how the statute of limitations can be invoked.  Mrs. Buie has never had possession of it, and until it was paid into court by Blue, the debtor, it was a debt due by him by reason of the original loan of money to him by Gilbert Buie.  Mrs. Buie delivered up to the makers the original note, and received in lieu of it one payable to herself.  But this substituted note was not the debt, nor were the representatives of the estate of Gilbert Buie, by reason of its execution, confined to their action of trover against her for converting the note.  The executors of the will of Gilbert Buie might have brought such action, upon taking out letters testamentary of his will, but their failure to take out letters testamentary and to bring such suit interposes no bar to the right of complainants to resort to chancery for relief.  If, after Blue & Co. gave the substituted note to the widow, they had paid the sum due to the true owners, the residuary legatees of Gilbert Buie, such payment would have been a discharge of the debt they owed, notwithstanding the fact that the widow held the note given to her.  The debtor has now paid the money into court, and been discharged of further liability by its order.  He sets up all the facts known to him, and asks the court to determine to whom the money should be delivered.  His payment is of the debt due, and is in discharge of the whole obligation which rests upon him, whether it exists by virtue of the original note or of the substituted one.

The widow has no claim, legal or equitable, to the fund, unless it has arisen by the wrongful dealing with the note through so many years.  The lapse of time may protect her from personal responsibility, but cannot operate to transfer to her appellants' right

of action against Blue. The fund in court should have been decreed to appellants.

As to the sums which appellee has collected from Blue, she is protected from liability by lapse of time. The last collection was in 1879. More than ten years have passed since then, and more than six years since the adoption of the code of 1880, and before the institution of this suit. We think the appellee may rely upon the bar of the six years statute of limitations. It is a mistake to assume that a court of equity will convert into a trustee any person who unjustly takes possession of the property of another. If this were so, all persons claiming property under defective titles would be trustees for the true owner. No facts are shown by which Mrs. Buie can be held as trustee *ex maleficio*, and, as to the money actually collected, the appellants are not entitled to an account.

The court below should have decreed the fund in court to appellants, and otherwise to have dismissed the bill. That decree will be entered here. The appellee to pay the cost of this appeal. The costs of the court below to be paid equally by the parties—appellants and appellee one-half each.